IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. No. 92-146 |
| ) | |
| ) | |
| ERSKINE SMITH ) | |

## OPINION

Presently before the Court is Erskine Smith's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) (Doc. 121). For the reasons that follow we will deny the motion.

Shortly after jury trial commenced on January 4, 1993 Mr. Smith plead guilty to an eight count Indictment that charged him with five counts of possession with intent to distribute crack cocaine in amounts ranging from less than 5 grams to in excess of 500 grams on five separate occasions (Counts 1, 2, 4, 6 & 8); two counts of possession with intent to distribute less than 500 grams of powder cocaine on two separate occasions (Counts 3 & 5); and conspiracy to distribute and possess with intent to distribute less than 5 grams of crack cocaine (Count 7), all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(C); and 21 U.S.C. §846.

At sentencing we found that Mr. Smith's base offense level was 34. His base offense level was decreased by two levels because of Mr. Smith's acceptance of responsibility. Pursuant to Section 4B1.1 of the Sentencing Guidelines, Mr. Smith was deemed to be a career offender based on two prior violent felony convictions. Thus his total offense level was calculated to be 35. Mr. Smith was assessed with 8 criminal history points, resulting in a Criminal History Category of IV, however, because he was deemed to be a career offender, his Criminal History

Category was raised to VI. With a total offense level of 35 and a criminal history category of VI, Mr. Smith faced a sentencing guideline range of imprisonment of 292 to 365 months. On April 23, 1993, we sentenced Mr. Smith to a total term of imprisonment of 360 months.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine. Amendment 706 lowered the ratio between crack and powder cocaine offenses. This resulted in lower guideline offense levels for crack cocaine offenses than existed before the Amendment. Section 3582(c)(2) permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. U.S.S.G. § 1B1.10(c).

The court's jurisdiction to resentence Mr. Smith is derived from a statute, 18 U.S.C. 3582(c). "The starting point for this analysis is the general rule that '[t]he court may not modify a term of imprisonment once it has been imposed . . . .'" United States v. Finney, 2008 WL 2435559, *2 (W.D.Pa. June 16, 2008), quoting 18 U.S.C. § 3582(c). Section 3582(c) states in relevant part as follows:

> (c) Modification of an imposed term of imprisonment.- The court may not modify a term of imprisonment once it has been imposed except that- . . .
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The restriction in section 3582(c)(2), that any resentence imposed must be "consistent with applicable policy statements issued by the Sentencing Commission," is a limit on our jurisdiction to resentence a defendant. If we impose a sentence that is not consistent with "applicable policy statements" we will have exceeded the statutory grant to modify a sentence of imprisonment. The applicable policy statement here is section 1B1.10 of the Sentencing Guidelines, which states in relevant part as follows:

### § 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)

(a) Authority.—

  (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

  (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—

   (A) None of the amendments listed in subsection (c) is applicable to the defendant; or

   (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2). What subsection (a)(2) of this policy statement means is that the court is without jurisdiction to retroactively reduce a defendant's sentence as a result of an amended guideline range when either there is no applicable amendment or when an applicable amendment does not have the effect of lowering the defendant's guideline range.

In Mr. Smith' case, his guideline range based on Amendment 706 is not lowered. Thus, pursuant to policy statement 1B1.10(2)(A), we are without jurisdiction to resentence Mr. Smith. Mr. Smith concedes that he does not meet the relevant threshold criteria allowing us to reduce his term of imprisonment in that he is not a defendant who has been sentenced to a term of imprisonment that has been lowered by the Sentencing Commission. (Defendant's Motion to Reduce Sentence, at 5-6.) Mr. Smith acknowledges that the retroactive application of the crack amendment does not result in a reduction of his guideline range. (Id. at n.3) In addition, he acknowledges that the United States Court of Appeals for the Third Circuit in United States v. Mateo, 560 F.3d 152, 156 (3d Cir. 2006), found that a career offender was not entitled to a retroactive crack sentence reduction; and that in United States v. Doe, 564 F.3d 305 (3d Cir. 2009) the Court found that where a defendant's guideline range is not lowered the defendant is not eligible for retroactive crack sentence reduction. (Id. at 6.)

Instead Mr. Smith contends "that U.S.S.G. § 1B1.10(a)(2) is unconstitutional in that it vests in the United States Sentencing Commission control over the cases which the federal courts can and cannot hear motions to reduce sentences. This, he argues, violates the delegation of powers and the separation of powers doctrines by restricting the Article III jurisdiction of federal courts." (Defendant's Motion to Reduce Sentence, at 6.) Mr. Smith argues that Congress has unconstitutionally delegated its power to define an Article III court's jurisdiction to the Executive Branch by virtue of the President's power to appoint the members of the Sentencing Commission, and that this delegation also violates the constitutional principle of separation of powers.

4

Article I, section 1 of the Constitution provides that "[a]ll legislative powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. I, § 1. The United State Supreme Court stated:

> [W]e long have insisted that "the integrity and maintenance of the system of government ordained by the Constitution" mandate that Congress generally cannot delegate its legislative power to another Branch.

Mistretta v. United States, 488 U.S. 361, 371-372 (quoting Field v. Clark, 143 U.S. 649, 692 (1892)). The Court further explained "that the separation-of-powers principle, and the nondelegation doctrine in particular, do not prevent Congress from obtaining the assistance of its coordinate Branches." Id. The Court stated:

> So long as Congress "shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power." [J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394,] 409, [48 S.Ct. 348,] 352 [(1928)].
> Applying this "intelligible principle" test to congressional delegations, our jurisprudence has been driven by a practical understanding that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives.

Mistretta, 488 U.S. at 372 (other citations omitted). The Court "harbor[ed] no doubt that Congress' delegation of authority to the Sentencing Commission is sufficiently specific and detailed to meet constitutional requirements." Id. at 374. The Supreme Court concluded that in creating the Sentencing Commission "Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches." Id. at 412.

In United States v. Dryden, 563 F.3d 1168 (10th Cir. 2009), the defendant raised a similar challenge:

> [Mr. Dryden] attacks the district court's reliance on § 1B1.10( a)(2) . . . . He states that under this provision, "the Sentencing Commission can control which cases the federal courts can and cannot hear" and "submits that this is a power reserved to Congress alone." Aplt. Br. at 4. Treating § 1B1.10( a)(2)'s limitation of district-court authority as jurisdictional, he argues that Congress may not delegate its authority over Article III jurisdiction without prescribing an "intelligible principle" under which that authority is to be exercised. Id. at 5. Finding no intelligible principle in the Sentencing Commission's enabling statute, Mr. Dryden concludes that § 1B1.10( a)(2) creates an unconstitutional constraint on resentencing jurisdiction.

Dryden, 563 F.3d at 1170. The Dryden Court rejected the challenge finding that the jurisdictional limitation was created not by the Sentencing Commission in 1B1.10(a)(2) under delegated authority, but by Congress itself in 18 U.S.C. § 3582(c), and that the challenged language of 1B1.(a)(2) "is merely a paraphrase of Congress's own language." Id.

We conclude, consistent with Mistretta, that Congress has properly delegated authority to the Sentencing Commission and that 1B1.10(a)(2) does not offend the nondelegation principle or the separation of powers principle. We agree with Dryden that the limitation on our jurisdiction is derived from a Congressional statute, namely 18 U.S.C. § 3582(c).

Mr. Smith argues that there is a sufficient difference between the terms "sentencing range" contained in section 3582(c), and the term "guideline range" contained in 1B1.10(A)(2). He recognizes that in United States v. Doe, 564 F.3d 305, 310 (3d Cir. 2009), the Third Circuit has held that the use of these terms is "complementary." Nonetheless he maintains that the terms are not the same and that specifically in his case "his sentencing range surely has been modified as crack offenses are presently treated much less harshly by this Court than such offenses were treated when Smith was sentenced." (Defendant's Motion to Reduce Sentence, at 12.) We disagree. To the extent that Mr. Smith is referring to our decision to apply a 1-to-1 crack-to-

6

powder ratio in all future crack cocaine sentencings, United States v. Russell, 2009 WL 2485734 (W.D.Pa. 2009), we have done so only in cases with defendants who are properly before the court for sentencing. We did not issue a new rule, but instead exercised our discretionary power to vary from the Sentencing Guidelines related to crack cocaine, as recognized by Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007), and Spears v. United States, 555 U.S. 261, 129 S.Ct. 840 (2009) (per curiam). As such, our announcement of our intention in future cases is not to be applied retroactively, absent a statutory change or directive from a higher court. Therefore, we find that Mr. Smith's "sentencing range" has not been lowered.

Mr. Smith also contends that since Mistretta predated the "Feeney Amendment," the holding of that case is not controlling. The Feeney Amendment provides that of the seven members of the Sentencing Commission appointed by the President, "no more than three" members may be judges. Mr. Smith therefore argues that the Feeney Amendment "abrogated judicial involvement in the Sentencing Commission and vested instead in the Executive Branch the potential for absolute exclusive power to control the membership of the sentencing commission and thus, exclusive power to control this Court's re-sentencing jurisdiction." (Defendant's Motion to Reduce Sentence, at 15.)

The Third Circuit Court of Appeals has rejected a similar challenge presented by the defendant in United States v. Coleman, 451 F.3d 154 (3d Cir. 2009). Mr. Coleman also argued that "since the Feeney Amendment effectively removed all mandatory judicial input from the Sentencing Commission (and thus the Guidelines), the result is an unconstitutional consolidation of power in the Executive Branch." Id. at 158. In Coleman, the Court relying on Mistretta explained as follows:

> In Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the Supreme Court held that the Sentencing Commission, as it was then

7

constituted, did not violate the separation of powers. The Court held that
Congress was within constitutional bounds in delegating to the Commission
authority to promulgate the Guidelines, id. at 374-79, 109 S.Ct. 647, and that the
composition of the Commission (including at least three federal judges) was
constitutional. Id. at 397-408, 109 S.Ct. 647. The Court noted that "Congress'
decision to create an independent rulemaking body to promulgate sentencing
guidelines and to locate that body within the Judicial Branch is not
unconstitutional unless Congress has vested in the Commission powers that are
more appropriately performed by the other Branches or that undermine the
integrity of the Judiciary." Id. at 385, 109 S.Ct. 647. It deemed the functions of
the Commission, particularly the promulgation of the Guidelines, to be well
within the judiciary's role. The Court noted, for example, that "the sentencing
function long has been a peculiarly shared responsibility among the Branches of
Government and has never been thought of as the exclusive constitutional
province of any one Branch." Id. at 390, 109 S.Ct. 647. It dismissed as "fanciful"
the argument that the President's power to appoint and remove the Commission's
members gave him unconstitutional authority over the judiciary. Id. at 409, 109
S.Ct. 647; see id. at 410, 109 S.Ct. 647.

Coleman, 451 F.3d at 158. The Court concluded that "[r]egardless of the composition of the

Commission, the Guidelines it promulgates do not control sentencing; . . . ." Id.

For all of the above reasons we conclude that that 1B1.10(a)(2) is not unconstitutional

and therefore we will deny Mr. Smith's Motion to Reduce Sentence.

Finally, Mr. Smith seeks a new resentencing hearing so that he can argue in a new

sentencing hearing that he was not properly deemed a career offender. Pursuant to Section

4B1.1 of the Guidelines, Mr. Smith was determined to be a career offender on the basis of two

prior violent felony convictions. Mr. Smith argues that following the United States Supreme

Court's decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008), one of his prior

qualifying simple assault convictions would not now qualify as a "crime of violence" because he

acted only with recklessness in committing the offense. See also United States v. Lee, 612 F.3d

170, 196 (3d Cir. 2010). As we find that we are without jurisdiction to resentence Mr. Smith, we

are in no position to rule on the merits of his claim, however we address two points.

8

First, a resentencing hearing under section 3582(c) is limited in scope. The Supreme Court explained that section 3582(c)

> does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "*and shall leave all other guideline application decisions unaffected.*" § 1B1.10(b)(1).

United States v. Dillon, ___ U.S. ___, 130 S.Ct. 2683, 2694 (2010) (emphasis added).

In addition, it appears unlikely that the United States Court of Appeals would hold that a mistake in career offender designation as a result of Begay amounts to an "enhancement for a nonexistent offense" for which relief should be granted. Gilbert v. United States, 609 F.3d 1159, 1168 (11th Cir. 2010), *reh'g granted*, 625 F.3d 716 (11th Cir. 2010). In the Eleventh Circuit panel opinion in Gilbert, which was vacated upon *en banc* review being granted, the Court "reasoned that '[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided.'" United States v. Kenney, 391 Fed.Appx. 169, 172 n.2 (3d Cir. 2010) (unpublished). In Kenney, the Third Circuit Court rejected the (now-vacated) holding in Gilbert, explaining that the "career offender enhancement is not a separate offense, [requiring that] its elements . . . need to be proven to a jury beyond a reasonable doubt." Id. See also Dyer v. Holland, 2011 WL 165391, *2 (E.D.Ky. 2011) ("Many factors other than 'career offender' status-such as prior criminal history, victim impact, obstruction of justice, and refusal to accept responsibility-may increase a criminal defendant's sentence, but the mere lengthening of a prison term does not transform each such factor into an independent 'offense' subject to collateral review in habeas under traditionally-defined circumstances.")

For all of the above reasons we will deny Mr. Smith's motion. Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this _____8th_____ day of February, 2011, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) (Doc. 121) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of record