IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 92-146 |
| v. | ) | CV 16-574 |
| ERSKINE SMITH | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Defendant pleaded guilty to seven counts of possession with intent to distribute a controlled substance, and one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 841. On April 23, 1993, Defendant was sentenced to a term of imprisonment of 360 months. The sentence rested, in part, on Defendant's career offender status under the residual clause of U.S.S.G. § 4B1.1, which in turn rested on two Pennsylvania convictions for simple assault. It appears that absent the career offender enhancement, Defendant's guideline range would have been 135 to 168 months. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, in which he contends that he was improperly subject to a career offender enhancement. For the following reasons, Defendant's Motion will be granted, and this matter transferred to Judge Cercone for further proceedings.

**OPINION**

**I.     APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A

district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

**II. DEFENDANT'S MOTION**

Defendant asserts that his prior convictions for simple assault are no longer valid predicate offenses under Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and its progeny. The Government's brief, initially, argues against Johnson's retroactivity and applicability to sentences imposed under the United States Sentencing Guidelines, rather than ACCA. I reject the Government's contentions, for reasons recently explained by others. See, e.g., United States v. Calabretta, 2016 U.S. App. LEXIS 13568 (3d Cir. July 26, 2016); Townsley v. United States, 2016 U.S. Dist. LEXIS 101179 (M.D. Pa. June 22, 2016); United States v. Boone, 2016 U.S. Dist. LEXIS 70600 (W.D. Pa. May 31, 2016).

The Government, however, further argues that even if Johnson applies here, both of Defendant's prior simple assault convictions qualify as predicates under the force clause of U.S.S.G § 4B1.2. In response, Defendant argues, in part, that the pertinent statute of conviction is an "indivisible statute," which sets forth alternative means rather than alternative elements. Thus, he asserts, the modified categorical approach does not apply, and the inquiry must end in his favor.[1]

The modified categorical approach, applied only when a statute is "divisible," allows the court to look beyond the face of the statute to certain documents in determining which of the

---

[1] Defendant also maintains that the statutes of prior conviction lack the force element required to qualify as a predicate under Section 4B1.2, which defines a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Because this matter is disposed of on other grounds, I do not reach Defendant's arguments in that regard.

2

statute's alternative elements applied in the defendant's case. Descamps v. United States, __ U.S. __, 133 S. Ct. 2276, 2281-82, 186 L. Ed. 2d 438 (2013). In this way, "the 'modified categorical approach' … permits a court to determine which statutory phrase was the basis for the conviction." Johnson v. United States, 559 U. S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) (citation omitted). In contrast, in the face of a statute with a single, indivisible set of elements that sweeps more broadly than the federal definition, the modified categorical approach is inapplicable. United States v. Brown, 765 F.3d 185, 189, 190 (3d Cir. 2014). In that case, "a conviction under it is not a career offender predicate even if the defendant actually committed the offense in a way that involved the use…of physical force against another." Id. at 189. These principles developed, in the first instance, to guard Sixth Amendment rights, and ensure that a jury, rather than a judge, find penalty-increasing facts. See Apprendi v. New Jersey, 530 U. S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). They are intended, therefore, to protect against the court "'mak[ing] a disputed' determination 'about what the defendant and state judge must have understood as the factual basis of the prior plea.'" Descamps, 133 S. Ct. at 2288 (quoting Shepard v. United States, 544 U.S. 13; 125 S. Ct. 1254; 161 L. Ed. 2d 205 (2005)).

In Mathis v. United States, __ U.S. __, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), the Supreme Court clarified that a modified categorical approach does not apply to a statute that sets forth alternative means of committing a single crime, rather than alternative elements going towards the creation of separate crimes. As an example of an alternative means statute, the Court posited a statute that required the use of a "deadly weapon" as an element, and provided that the use of a "knife, gun, bat, or similar weapon" would all qualify. Id. at 2249 . That list, the Court stated, would provide different factual ways of meeting the "deadly weapon" requirement – in other words, a defendant could be convicted even if one juror concluded that he

used a knife, and another that he used a gun.  Id.   To resolve the threshold "elements or means?" inquiry, the Court directed lower courts to examine state court decisions, as well as the record of prior conviction.  Id. at .

Here, Defendant's career offender enhancement rested on two simple assault convictions, under 18 Pa.C.S.A.§§ 2701(a)(1) and (a)(3) respectively.  Section 2701(a)(1) imposes guilt if a person "attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another."  The parties do not dispute that a conviction for reckless conduct, unlike intentional or knowing conduct, cannot constitute a "crime of violence" under U.S.S.G. §§ 4B1.2(a)(1) or (a)(3). See, e.g., United States v. King, 393 Fed. Appx. 967 (3d Cir. 2010); United States v. McMillian, 2016 U.S. App. LEXIS 10827 (4th Cir. June 15, 2016).  Because one invalid predicate conviction would undermine career offender status, I will first address whether Defendant's conviction under Section 2701(a)(1) is eligible.  In so doing, I must consider whether that statute is subject to a modified categorical approach, and if so, whether Shepard materials demonstrate that Defendant's conviction is a qualifying predicate.

Defendant acknowledges that after Descamps, our Court of Appeals, in United States v. Marrero, 743 F. 3d 389 (3d Cir. 2014), found Pennsylvania's simple assault statute divisible as to mental state, and applied a modified categorical approach.  He argues, however, that Marrero did not survive Mathis, because the Marrero Court did not undertake the type of inquiry mandated by Supreme Court.  Instead, Defendant suggests, Marrero relied solely and improperly on the statute's disjunctive list of mental states to determine whether the simple assault statute set forth alternative elements, or instead alternative means.   I note that our Court of Appeals has continued to cite Marrero, post- Mathis, albeit not necessarily for propositions affected by Mathis.  See, e.g., United States v. Calabretta, 2016 U.S. App. LEXIS 13568 (3d Cir. July 26,

4

2016); United States v. Gorny, 2016 U.S. App. LEXIS 12795 (3d Cir. July 12, 2016). I need not, however, decide whether Marrero endures. Even if that case remains undisturbed, applying the modified categorical approach disposes of this matter in Defendant's favor.

Assuming without deciding that Section 2701(a)(1) is divisible because it sets forth alternative elements as to mens rea, and that the statutes of conviction both contain an element required by the force clause of Section 4B1.2, the Government retains the burden of demonstrating that career offender status is proper. E.g., United States v. Evans, 2015 U.S. Dist. LEXIS 172471, at *6 (W.D. Pa. Dec. 29, 2015). Here, the Government points only to Defendant's admission, at his March 25, 1987 plea and sentencing for the predicate offense of simple assault, that he punched the victim twice in the face. This admission, the Government contends, suffices to establish that Defendant pleaded guilty to knowing and intentional conduct. The exchange on which the Government relies occurred as follows:

| | |
|---|---|
| Court: | What did you do in this case? |
| Defendant: | What do you mean? |
| Court: | What did you do that you're willing to admit? |
| Defendant: | I punched Mr. Robertson. |
| Court: | Why did you do that? |
| Defendant: | Because he put his hand in my pants. |

\*\*\*

| | |
|---|---|
| Court: | …That's what you're willing to admit you did, punched him? |
| Defendant: | Yes. |
| Court: | How many times? |
| Defendant: | Twice. |

Indeed, "[i]t is hard to see how [punching someone] would be reckless." Berroa-Soto v. Holder, 316 Fed. Appx. 27 (2d Cir. 2009).[2]  Nonetheless, underlying facts that appear to reflect purposeful conduct do not alone equal a defendant's admission to a mens rea of intent or knowledge.  As our Court of Appeals explained in United States v. Johnson, 587 F.3d 203, 212-213 (3d Cir. 2009):

> Admittedly, the information's allegation that [defendant] "struck and/or choked" his victim strongly suggests that his conduct was intentional and knowing. Under the particular circumstances presented here, however, we do not believe that we can conclusively determine, based on the information alone, whether [he] actually admitted to acting intentionally or knowingly. Accordingly, we must decline the government's invitation to engage in what is…a speculative exercise that could implicate the very concerns the Supreme Court has expressed in explaining the prohibition on inquiries into the factual predicates of a defendant's crime under these circumstances.

United States v. Johnson, 587 F.3d 203, 212-213 (3d Cir. 2009).

The Johnson Court considered not only the charging document, but also the presentence report's ("PSR") unobjected-to factual account underlying the prior conviction.  The PSR detailed that defendant struck his victim in the head with a candlestick, and pointed a handgun at her.  Id. at 214, n. 10.  In light of the facts alleged in the information and the PSR, the Court stated, "it is difficult to conceive that [defendant] did not commit simple assault intentionally and knowingly. Still, what matters is the mens rea to which Johnson actually pled guilty."  Id.

In this case, finding a predicate conviction based on Defendant's plea colloquy not only would go farther than Johnson tolerates, but also would run contrary to the Supreme Court's recent pronouncements in Mathis.  There, the Court cautioned that "[s]tatements of 'non-elemental fact' in the records of prior convictions are prone to error precisely because their proof is unnecessary."  Mathis, 136 S. Ct. at 2253.  Therefore, "a judge cannot go beyond identifying

---

[2] During the simple assault plea hearing, the record also reflects the prosecuting attorney's comment, made while discussing the criminal complaint with defense counsel, that "Bodily injury was attempted to be caused by the fist of the defendant."  The Government here does not rest its argument on the prosecutor's comment.

the crime of conviction to explore the manner in which the defendant committed that offense." Id. at 2252 (citing Shepard v. United States, 544 U. S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005)). The Court further indicated that the modified categorical approach is "not to be repurposed as a technique for discovering whether a defendant's prior conviction…rested on facts" that could justify an enhanced sentence. Id. at 2254.

Here, as in Johnson, although Defendant's admission strongly suggests intentional conduct, I cannot conclusively determine based on his statements alone that he admitted to a particular mens rea. Defendant admitted to committing an act, and not a state of mind or degree of intent; that he punched someone is a non-elemental fact, on which reliance is improper. Absent prohibited speculation, therefore, it remains uncertain whether Defendant pleaded guilty to intentionally, knowingly, or instead recklessly causing bodily injury to another. Accordingly, the record is not adequate to establish that Defendant's conviction for simple assault under 18 Pa.C.S.A.§ 2701(a)(1) was an appropriate predicate for purposes of U.S.S.G. § 4B1.1. Because one of the two required predicate offenses relied on at Defendant's sentencing does not provide a legitimate basis for a career offender enhancement, he is entitled to relief.

## CONCLUSION

In conclusion, Defendant's Motion will be granted, and this matter transferred to Judge Cercone for further proceedings. An appropriate Order follows.

**ORDER**

AND NOW, this 25th day of August, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is GRANTED. The Clerk of Courts shall reassign this matter to Judge Cercone for resentencing.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court